Wilma Franklin CLARKE, Marie Brown, Ruby Bruce Huggins, and Geraldine Parks, Plaintiffs–Appellants,

v.

**COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO AND CLC, Defendants–Appellees.**

No. 04–6205–cv.

United States Court of Appeals, Second Circuit.

June 16, 2006.

Jonathan Silver, Kew Gardens, NY, for Appellants.

Lowell Peterson, Meyer, Suozzi, English & Klein, P.C., New York, NY, for Appellees.

PRESENT: JOSÉ A. CABRANES, CHESTER J. STRAUB and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiffs-appellants, each former employees of American Telephone and Telegraph Corporation and members of the Communication Workers of America ("the Union"), filed the instant action alleging that the Union breached its duty of fair representation by failing to grieve a 1992 failure to recall them as laid-off employees. We assume the parties' familiarity with the underlying facts and procedural history of this case.

In a thoughtful and comprehensive opinion dated November 1, 2004, the District Court granted the Union's motion for summary judgment, concluding that plaintiffs had failed to establish that the Union's actions had been "arbitrary, discriminatory, or in bad faith," as is required to demonstrate a breach of the duty of fair representation, *see Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir.2003) (internal quotation marks omitted), because "the plaintiffs never requested that the Union file a grievance" regarding the 1992 recall and the Union had "consistently supported the plaintiff's claims, albeit without success," *see Clarke v. Commc'n Workers of Am.*, No. 03 Civ. 5912, 2004 WL 2434715, at *6 (E.D.N.Y. Nov.1, 2004); *see also id.* (finding that "the Union consistently sought relief for the plaintiffs for the 1992 recall over more than a ten year period," and that the Union "took action *sua sponte*, in arbitration and the courts, and fought a long, difficult legal battle"); *id.* at *2 (noting that the Union had argued that the "make whole" remedy for the 1991 layoffs "should include a remedy for the 1992 recall," and that, despite the Union's failure to grieve the 1992 recall directly, "[f]rom the Union's perspective, the basis for relief [arising out of the 1991 layoffs and the 1992 recall] was identical").

Based on our assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that plaintiffs' claims are without merit. Even if the Union's failure to grieve the 1992 recall independently of the 1991 layoffs constituted a "[t]actical error[ ]" or an "error[ ] of judgment," such errors, we have held, "are insufficient to show a breach of the duty of fair representation." *Barr v. United Parcel Serv.*, 868 F.2d 36, 43 (2d Cir.1989) (internal quotation marks omitted). Accordingly, for substantially the reasons stated by the District Court, the judgment of the District Court is hereby **AFFIRMED.**